UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETT S

| | | |
|---|---|---|
| MARY G-N, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 14-30113-MGM |
| v. | * | |
| | * | |
| CITY OF NORTHAMPTON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER ON DEFENDANT'S

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

(Dkt. No. 8)

November 20, 2014

MASTROIANNI, U.S.D.J.

Plaintiff Mary G-N is the parent of a minor child ("Student") who has attended school and

received special education services pursuant to the federal Individuals with Disabilities Education

Act ("IDEA"), in the public school system of Defendant, City of Northampton. She filed a

complaint against Defendant in connection with a dispute involving Student and, with the assistance

of counsel, pursued her complaint through a proceeding before the Board of Special Education

Appeals ("BSEA"). Following the conclusion of the BSEA proceeding, Plaintiff filed this action

seeking an award of attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3)(B), which allows a court to

"award reasonable attorneys' fees . . . to the parents of a child with a disability who is the prevailing

party" in a proceeding before the BSEA.

Defendant has moved to dismiss Plaintiff's suit pursuant to Fed. R. Civ. P. 12(b)(6),

asserting that her claim is time-barred. Plaintiff filed her complaint on the ninetieth day after the

date of the BSEA decision. The court must now determine whether the applicable statute of limitations is less than ninety days. After carefully considering the different limitations periods which could apply to this action, the court determines the most appropriate limitations period is the three-year statute of limitations borrowed from the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 4, and applicable to civil actions instituted against public employers. As Plaintiff's claim was filed just ninety days after the date of the BSEA ruling, this court will deny Defendant's Motion to Dismiss.

## I. BACKGROUND

During the 2012-2013 and 2013-2014 school years, Student attended John F. Kennedy Middle School ("JFK"), a public school in Northampton operated by Defendant, City of Northampton. Student is disabled and has an Individualized Education Plan ("IEP"). Shortly after the start of Student's seventh grade year, in September 2013, Student was found to have brought a pocket knife to school. Following a "manifestation determination meeting," Student was expelled from JFK. Plaintiff appealed the expulsion and a hearing was held before the BSEA. On March 25, 2014, the BSEA issued its decision, setting aside, as erroneous, the determination made at the 2013 manifestation determination meeting. As the BSEA's decision invalidated the expulsion, the BSEA also ordered that the expulsion be expunged from Student's record.

The BSEA's decision included a section near the end addressing the parties' rights to appeal the decision, which specified appeals must be filed in state or federal court within ninety days of the date of the BSEA's decision, citing 20 U.S.C. § 1415(i)(2)(B). No deadline related to attorneys' fees actions was provided in the notice. Nonetheless, Plaintiff initiated this action for attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3), on June 23, 2014, the ninetieth day following the date of the BSEA decision.

II.  STANDARD OF REVIEW

"[A] statute of limitations defense can be considered on a Rule 12(b)(6) motion" provided the "complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim is asserted out of time." Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 17 (1st Cir. 2004).

III.    DISCUSSION

The parties agree the court's decision does not depend on the specific facts of this case, but on the court's determination of the proper statute of limitations for an action seeking attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). In order to determine the appropriate limitations period for attorneys' fees actions brought by parties who have prevailed before the BSEA, the court must first determine whether federal law establishes a limitations period for plaintiffs bringing such claims. Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 1942 (1985), superceded by statute, as recognized in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004)). If "Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law." Id. However, if "the operation of a state limitations period would frustrate the policies embraced by the federal enactment," a district court may look to federal law for a suitable limitations period. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991).

The court first considers whether Congress has established an applicable limitations period for attorneys' fees actions brought pursuant to § 1415(i)(3)(B). Congress did not include a statute of limitations in the IDEA until 2004 and when the statute of limitations was added, Congress indicated its intent that it apply only to appeals of "a due process decision," not other actions, such as those for attorneys' fees. S. Rep. No. 108-185, at 42 (2003); see also B.D. ex rel. Doucette v.

3

<u>Georgetown Pub. School Dist.</u>, civ no. 11-10692-DPW, 2012 WL 4482152 (D. Mass. Sept. 27, 2012). The blanket, four-year statute of limitations Congress created in 1990 is also inapplicable. <u>See</u> 28 U.S.C. 1658. As enacted, the statute of limitations in 28 U.S.C. § 1658 is applicable only to causes of action enacted by Congress after December 1, 1990. <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 381, 124 S. Ct. 1836, 1845, 158 L. Ed. 2d 645 (2004). The cause of action for attorneys' fees was first created in 1986 by the Handicapped Children's Protection Act of 1986, Pub. L. No. 99-372, 100 Stat. 796. Having found Congress did not create a federal statute of limitations applicable to attorneys' fees actions brought pursuant to § 1415(i)(3)(B), the court next considers whether there is a state statute of limitations that is appropriate to apply here. Courts have answered this question in different ways, creating a split among circuits and among the district courts within the First Circuit.

A.      CIRCUIT SPLIT

There is a split among the circuits that have considered whether an appropriate statute of limitations for attorneys' fees actions brought under § 1415(i)(3)(B) can be borrowed from state law. The First Circuit has not yet addressed this specific question.[1] Among the circuits that have considered the question, courts have taken one of two approaches. The Eleventh Circuit treated attorneys' fees actions under § 1415(i)(3)(B) as independent actions brought separately from the administrative process and imposed a statute of limitations applicable to most civil suits. <u>Zipperer v. Sch. Bd. of Seminole Cnty.</u>, 111 F.3d 847, 851 (11th Cir. 1997).  Adopting the other approach, the Sixth and Seventh Circuits[2] analogized an action for attorneys' fees to an appeal of the underlying

---

[1] Prior to 2004, the IDEA did not include a limitations period for filing an appeal of a hearing decision, filing a claim for attorneys' fees, or bringing a separate civil action. Several circuits, including the First Circuit, had concluded that the appropriate statute of limitations for substantive appeals was the state law applicable to appeals of administrative decisions; usually, this meant a thirty-day limitations period. <u>See, e.g.</u>, <u>Amman v. Town of Stowe</u>, 991 F.2d 929 (1st Cir. 1993) (citing cases from the Second, Ninth, and D.C. Circuits).

[2] In 2006, the D.C. Circuit, faced with resolving a unique issue related to a statutory cap on attorneys' fees applicable only to Washington, D.C., ruled an action for attorneys' fees pursuant to the IDEA is ancillary to the underlying

administrative decision and applied the state statute of limitations for administrative appeals, a period that is often just thirty days. King v. Floyd Cnty. Bd. of Educ., 228 F.3d 622 (6th Cir. 2000); Powers v. Indiana Dep't of Educ., 61 F.3d 552 (7th Cir. 1995).

Before reaching its decision, the Eleventh Circuit first concluded "the federal policies associated with the fee-claims provisions of the IDEA" could not be vindicated if a limitations period as short as thirty days was borrowed from state law. Zipperer,111 F.3d at 851. The Eleventh Circuit went on to determine a claim for attorneys' fees under the IDEA is "based on a statutory liability" rather than being "analogous to the appeal of an administrative hearing." Id. After finding the most analogous state statute provided a four-year limitations period, the Eleventh Circuit considered whether such a long limitations period was "inconsistent with the policies of the IDEA." Id. The Eleventh Circuit concluded that the financial interests of attorneys would generally ensure the four-year statute of limitations would encourage parent involvement without frustrating the interest in prompt resolution. Id. at 851-52.

On the other hand, the Sixth and Seventh Circuits ruled that attorneys' fees actions are ancillary to the underlying administrative hearing and similar enough to a judicial appeal of an administrative hearing decision to warrant use of the state limitations period for administrative appeals, usually a period of just thirty days. King, 228 F.3d 622; Powers, 61 F.3d 552. In both King and Powers, the courts considered whether a limitations period of just thirty days was so short as to violate the policies of the IDEA. The court notes that at the time King and Powers were decided, Congress had not yet provided a federal statute of limitations for any type of action under the IDEA. Several circuits, including the First Circuit, had concluded that thirty-day state limitations periods could be used by analogy for substantive appeals after due process hearings. See, e.g. Amman v. Town of Stowe, 991 F.2d 929, 931 (1st Cir. 1993) (citing cases from the Second, Ninth,

---

administrative proceeding or a truly separate action. Kaseman v. District of Columbia, 444 F.3d 637 (D.C. Cir. 2006). The court did not discuss consider the 2004 amendments to the IDEA in its decision. Id. at n. 1.

and D.C. Circuits). In 2004, Congress amended the IDEA to include a ninety-day statute of limitations applicable to due process hearing appeals. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 108 Stat. 446. Since then, the approach taken by the Sixth and Seventh Circuits imposes a shorter statute of limitations for an attorneys' fees action than for an appeal of the administrative decision.

B.      First Circuit Guidance and Recent District Court Decisions

        The First Circuit has not previously considered what statute of limitations period should apply to actions for attorneys' fees, but in considering another claim brought under the IDEA it has opined that "[n]ot all IDEA claims are necessarily governed by the same statute of limitations." Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 119 (1st Cir. 2003). District courts are directed to choose a statute of limitations by balancing "three IDEA policy goals: the parental interest in participation, the school's interest in speedy resolution of disputes, and the child's interest in receiving educational entitlement." Id. Although the First Circuit has not had occasion to balance the three policy goals to determine a statute of limitations for attorneys' fees actions, two fellow judges in the District of Massachusetts and three judges in Puerto Rico have addressed this question.

        Here in Massachusetts, Judge Woodlock ruled the shorter statute of limitations applicable to judicial review of administrative decisions should apply to actions for attorneys' fees. B.D. ex rel. Doucette, civ no. 11-10692-DPW, 2012 WL 4482152. He agreed with the reasoning of the Sixth and Seventh Circuits that actions for attorneys' fees are essentially ancillary to the underlying administrative procedure.[3] In reaching this conclusion, Judge Woodlock also relied on an analysis of the policy concerns identified by the First Circuit. He determined imposing the short limitations period applicable to judicial appeals under Massachusetts law would further the school's interest in a

---

[3] Judge Woodlock also relied on the D.C. Circuit's Kaseman decision discussed supra note 1. He did not discuss the implications of borrowing the state statute of limitations applicable to administrative appeals shorter than the limitations period Congress has approved for administrative appeals brought under IDEA.

speedy resolution without affecting either a parent's interest in participation or a child's interest in educational entitlements.

Judge Zobel had previously considered the circuit split and the First Circuit's three policy interests and reached a different conclusion. Anthony F. v. School Committee of City of Medford, No. Civ. A. 04-10610-RWZ, 2005 WL 1262090 (D. Mass. Apr. 22, 2005). She agreed with the Eleventh Circuit's reasoning that the financial interests of lawyers would likely prevent a longer statute of limitations from interfering with the interest in a speedy resolution. At the same time, she suggested a longer limitations period could make it easier for attorneys to be paid which could make it easier for parents to retain counsel, thus furthering the policy interest related to parental involvement. Finally, Judge Zobel expressed concern that a child's interest in her educational entitlements may be endangered if her attorney finds it necessary to pursue an action for attorneys' fees while, for example, defending against an appeal of the underlying hearing decision.

Quite recently, three different judges in the District of Puerto Rico have had the opportunity to engage in the same consideration of the circuit split and the policy concerns identified by the First Circuit. In July, Judge Gelpi agreed that a statute of limitations considerably longer than the thirty-day period applicable to administrative appeals is more consistent with the policies underpinning the IDEA. Martinez v. Puerto Rico, No. Civ. A. 14-1228(GAG), 2014 WL 3513135 (D.P.R. Jul. 16, 2014). He agreed with the Eleventh Circuit that an action for attorneys' fees is not ancillary to the underlying administrative proceeding, noting the IDEA itself explicitly requires claims for attorneys' fees be brought in a different forum from the administrative proceeding. Additionally, he observed an action for attorneys' fees requires a court to consider different facts and law than it would consider in the case of an appeal of the administrative decision. He also agreed that a longer limitations period was unlikely to slow resolution of disputes because of attorneys' financial interests. Finally, Judge Gelpi noted that a longer limitations period would allow more time for

parties to reach a negotiated settlement with respect to attorneys' fees, thus avoiding litigation altogether. In September, Judge Besosa and Senior Judge Casellas reached the same outcome as Judge Gelpi, for similar reasons. Concepcion-Torres v. Puerto Rico, No. Civ. A. 14-1494(FAB), 2014 WL 4628887 (D.P.R. Sept. 17, 2014); Pagan-Melendez v. Puerto Rico, No. Civ. A. 14-1495(SEC), 2014 WL 4702613 (D.P.R. Sept. 19, 2014).

C.    Analysis

Having considered the arguments on both sides, this court believes only the three-year limitations period for claims brought against state actors, found in the Massachusetts Tort Claims Act, Mass. Gen. Laws c. 258, § 4, can be adopted for attorney's fees actions under the IDEA. First, the text of the IDEA identifies the attorney's fees action as a separate action from the underlying administrative proceeding. The IDEA requires the attorneys' fees claim be brought in a different forum from the administrative proceeding and it does not impose on attorneys' fees claims the statute of limitations applicable to appeals. Additionally, the court considers different facts and law when evaluating an attorneys' fees action than when considering an appeal of an administrative hearing decision.

Second, the policy considerations identified by the First Circuit in Nieves-Marquez are best served by adopting the three-year statute of limitations. The interests of parents and students could be harmed if attorneys either become hesitant to take on a case for fear of missing the limitations period for filing a claim for fees or if an attorney must split his attention between an ongoing substantive matter, such as an appeal by the other party, and an action for fees. At the same time, a school's interest in a prompt resolution is unlikely to be harmed by a three-year limitations period. In most cases, the financial incentives of counsel will cause them to file actions for attorneys' fees well before the end of the three year period. Additionally, a school always has the option of seeking to resolve attorneys' fees claims outside of court. As Judge Gelpi noted, such out-of-court

resolutions are aided by a long limitations period. <u>Martinez v. Puerto Rico</u>, No. Civ. A. 14-1228(GAG), 2014 WL 3513135, * 6 (D.P.R. Jul. 16, 2014). When the parties are able to negotiate a solution, the resources of both the parties and the courts are conserved.

The court's other option for adopting a state limitations period for administrative appeals favors the school's interest in a prompt resolution without acknowledging the potential costs to parents and students. This approach does not resolve the difficulty of reconciling the use of a thirty-day statute of limitations selected by analogizing attorneys' fees cases to administrative appeals, when Congress has determined that the limitations period for administrative appeals pursuant to the IDEA should be ninety days. This court believes a thirty-day limitations period cannot be borrowed from state law because such a period conflicts with the federal policies underlying the IDEA. <u>See Lampf, Pleva, Lipkind, Prupis & Petigrow</u>, 501 U.S. at 355.

IV. CONCLUSION

For the Foregoing reasons, Defendant's Motion to Dismiss is hereby DENIED. It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge