UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARY G-N, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 14-30113-MGM |
| v. | * | |
| | * | |
| CITY OF NORTHAMPTON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER ON

CROSS MOTIONS FOR SUMMARY JUDGMENT

(Dkt. Nos. 24 & 29)

December 28, 2015

MASTROIANNI, U.S.D.J.

The sole issue in this case is whether Defendant City of Northampton must pay the
attorneys' fees sought by Plaintiff Mary G-N in connection with proceedings related to Plaintiff's
minor child ("Student") and held before the Board for Special Education Appeals ("BSEA"),
pursuant to the procedural process established under the Individuals with Disabilities Education Act
("IDEA"). The IDEA provides that a court may "award reasonable attorneys' fees . . . to the parents
of a child with a disability who is the prevailing party" in a proceeding before the BSEA. 20 U.S.C. §
1415(i)(3)(B). Previously, the court declined to dismiss the action, finding Plaintiff's claim was not
time barred. The parties have now completed discovery and filed cross motions for summary
judgment. Summary judgment is appropriate here as the parties dispute the way the law applies to
the facts in their case, but do not dispute the underlying, material facts. *See, e.g.*, *Bellone v. Southwick-
Tolland Regional School Dist.*, 748 F.3d 418, 422 (1st Cir. 2014).

Defendant argues the court should either deny Plaintiff's request because Plaintiff is not a "prevailing party" or reduce the amount of an award (or even deny it altogether) because she has failed to provide adequate documentation to support the amount of fees claimed. The court heard oral argument on November 6, 2015 and gave the parties until December 15, 2015 to file a joint status report regarding efforts to reach a settlement. No joint status report was filed, though on December 21, 2015, a week after the joint status report was received, Plaintiff reported that the parties had "not formally terminated settlement negotiations." (Dkt. No. 49.)

Having considered the parties' arguments and reviewed the supporting documents in the record, the court finds that Plaintiff was a prevailing party with respect to the BSEA proceeding, making her eligible for an award of attorneys' fees. At the same time, the court also finds Plaintiff has not adequately documented her entitlement to the full amount of attorneys' fees she seeks. The court, therefore, will grant in part and deny in part each party's motion for summary judgment.

## I. BACKGROUND[1]

During the 2012-2013 and 2013-2014 school years, Student attended John F. Kennedy Middle School ("JFK"), a public school in Northampton operated by Defendant, City of Northampton. Student is disabled and has an Individualized Education Plan ("IEP"). Shortly after the start of Student's seventh grade year, in September 2013, Student brought a pocketknife to school. As required by the IDEA, a "manifestation determination meeting" ("Meeting") was held to determine whether Student's conduct was a "manifestation" of his disability. Following the September 25, 2013 Meeting, the team conducting the Meeting decided Student's possession of the pocketknife at school was not a manifestation of his disability and Student was expelled from JFK.

---

[1] Neither party filed a separate statement of undisputed facts pursuant to Local Rule 56.1. These facts are drawn from the parties' respective memoranda and the decisions of the BSEA hearing officer.

Approximately a month after the expulsion, on October 30, 2015, Plaintiff filed a request for an expedited hearing before the BSEA. On November 6, 2015, Plaintiff consented to an alternative special education placement for Student at a program run by the Collaborative for Educational Services. The following day, Plaintiff withdrew her request for expedited status. Defendant filed a Motion to Dismiss on November 20, 2013 and the BSEA granted the motion, in part, on December 12, 2013.  On December 21, 2013, Plaintiff filed a late opposition to Defendant's Motion to Dismiss and a Motion for Reconsideration of the Court's December 12 Ruling. Defendant moved to strike the opposition and motion on July 8, 2014 and the hearing officer granted that motion on January 14, 2014.

Following the partial dismissal, the only issues before the BSEA were (1) whether the manifestation determination and subsequent expulsion were erroneous, and (2) whether Student's expulsion was impermissible and should be expunged from Student's record. The hearing on these remaining issues was held on January 15 and 21, 2014. Both parties submitted written closing arguments during the last week of February of 2014. On March 25, 2014, the BSEA hearing officer issued her decision, finding Student's manifestation determination meeting had been flawed and directing Defendant to expunge Student's expulsion. Despite the ruling, Defendant did not immediately expunge Student's expulsion from his record. Plaintiff made a written demand the expulsion be expunged on April 15, 2014 and Defendant did expunge the information from Student's record on May 7, 2015. By letter dated May 12, 2014, Plaintiff requested Defendant pay $19,000 in fees charged by her attorney and non-attorney advocates. Defendant asserts that the documentation provided by Plaintiff was not signed, nor was it clear on what date the billing records were created. Defendant declined to pay the fees requested by Plaintiff first in a letter dated May 22, 2014 and again in several later communications. Plaintiff filed this action on June 23, 2014 seeking $19,000 in attorneys' fees for 95 hours billed at $200 per hour.

Plaintiff has since altered the amount of her demand. She now seeks compensation for 113.09 hours of billed time (prior to the filing of this complaint) at a rate of $226.80 per hour, the same hourly rate paid to Defendant's counsel. The total amount now sought by Plaintiff is $25,648.81.

## II.   DISCUSSION

Under the IDEA, courts "may award reasonable attorneys' fees" to "a prevailing party who is the parent of a child with a disability" in a proceeding brought before the BSEA. 20 U.S.C. § 1415(i)(3)(B); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 58-59 (1st Cir. 2002) (stating BSEA is the Massachusetts "state educational agency" under the IDEA). A prevailing party is one who has succeeded on an issue and has received a final judgment on the merits or obtained a settlement that is enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001); *see also Doe v. Boston Public Schools*, 358 F.3d 20, 25-26 (1st Cir. 2004) (ruling that the definition of prevailing party announced in *Buckhannon* applies to claims for attorneys' fees brought under the IDEA). The success achieved "cannot be a hollow victory; it must materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other." *Maine Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 14 (1st Cir. 2003)

Defendant argues that Plaintiff is not a prevailing party because the ruling of the BSEA on March 25, 2014 did not result in a change of placement or otherwise change the legal relationship between the parties, but simply allowed relief to Plaintiff that was technical and *de minimus* in nature – the expungement of his expulsion. If this is indeed how Defendant views the relief granted to Plaintiff, it would make no sense that Defendant did not offer this relief in order to settle this case following Student's acceptance of a new educational placement and the BSEA's December 12, 2013 decision on the motion to dismiss. At that point, the only issues for the hearing were whether the

manifestation determination findings were erroneous and whether Plaintiff's expulsion was erroneous and should be expunged from Plaintiff's record. However, these issues were sufficiently complicated, contentious, and significant for Defendant, as well as Plaintiff, that the BSEA hearing spread over two days and the parties made several additional submissions to the hearing officer after the hearing. Defendant continued to advocate for its position of having an appropriate basis for the expulsion; this was understandably important for its own policy development, implementation, and enforcement reasons.

After considering everything in the administrative record, the BSEA ruled in favor of Plaintiff with respect to both issues and required Defendant to expunge the expulsion. Once that happened, the law no longer regarded Student as a person who had been expelled from Defendant's schools, a change that clearly benefits Student in both tangible and intangible ways. By the time of the hearing, this change was the only relief Plaintiff sought, and the BSEA ruling in Plaintiff's favor suffices to make her a prevailing party eligible for an award of attorneys' fees.

Having found Plaintiff to be a prevailing party, the court turns to Defendant's other argument: Plaintiff is not entitled to an award of attorneys' fees, or should receive an amount lower than that requested, because Plaintiff has not produced reliable and contemporaneous time records reflecting the time specifically spent on the claims on which Plaintiff actually prevailed. Currently, Plaintiff seeks an award of $25,648.81 for a total of 113.09 hours of work, at an hourly rate of $226.80. When a court awards attorneys' fees under the IDEA, it must base any fee award "on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

Generally, the court's starting point in the determination of an award of attorneys' fees in an action brought under the IDEA is calculation of the lodestar. *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992) (reviewing fee award in litigation brought pursuant to 42 U.S.C. § 1988); *see also Kathleen H.*

*v. Mass. Dept. of Educ.*, 154 F.3d 8, 14 (1st Cir. 1998) ("The standards governing the award of attorneys' fees under 42 U.S.C. § 1988 are applicable to awards under the IDEA."). The lodestar is "the base amount of the fee to which the prevailing party is entitled" and is determined "by multiplying the number of hours productively expended by counsel times a reasonable hourly rate." *Lipsett*, 975 F.2d at 937. The burden is on the party seeking attorney's fees to document the number of productive hours and the reasonableness of the hourly fee sought. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). Documentation "should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates." *Id.* Plaintiff's submissions do not meet this standard with respect to either element of the lodestar calculation.

Initially, Plaintiff demanded payment of attorney's fees an hourly rate of $200. Subsequently, Plaintiff has requested a rate of $226.80, the hourly rate charged by counsel to Defendant, Northampton. Plaintiff has not provided evidence that either is the rate he "actually charges to clients in the ordinary course of his practice." *Id.* at 16. Nor has he provided "data evidencing the prevailing rate" for comparable legal services. *Id.* Plaintiff has submitted billing records of Defendant's counsel, but these records are not, by themselves, conclusive as to the prevailing rate.

Plaintiff has also failed to submit contemporaneous billing records despite the well-established standard within the First Circuit that attorneys seeking fee awards pursuant to fee-shifting statutes must keep detailed, contemporaneous time records. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984). In the First Circuit, absence of contemporaneous billing records "call[s] for a substantial reduction in any award or, in egregious cases, disallowance." *Id.* Plaintiff's attorney concedes that he did not keep contemporaneous time records, but rather has "fairly reconstructed" the dates and hours submitted to this court relying on WordPerfect indexes showing when particular files were saved and the dates on which particular research was downloaded.

(Kaplan Supporting Decl., Jul. 21, 2015, Dkt. No. 29-1.) Not only are the submitted time records "reconstructed" rather than contemporaneous, they include charges for administrative tasks, an expert's time, and work on an opposition to a motion to dismiss that was filed too late to be considered by the BSEA.

Due to the deficiencies with Plaintiff's submissions, the court finds it cannot use the lodestar method to calculate a reasonable fee award in this case. *See United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 15-16 (1st Cir. 1988) (approving of District Court's decision to deviate from typical approach to calculating fee award where characteristics of case justified different approach). However, "district judges have great discretion in deciding what claimed legal services should be compensated," especially in cases, such as this one, where the plaintiff pursued several claims and prevailed on only one. *Brewster v. Dukakis*, 3 F.3d 488, 492 (1st Cir. 1993). Defendant has asked the court to exercise its discretion to deny any award due to the deficiencies of Plaintiff's submission with respect to billing records. The court recognizes Defendant's position; after all, some of the deficiencies in Plaintiff's submissions to this court to justify the requested fees were also present in Plaintiff's demand to Defendant. Had Plaintiff's attorney kept contemporaneous records, as he should have done if he intended to seek payment of his fees from Defendant, perhaps this issue could have been resolved prior to the initiation of this litigation.

On the other hand, Plaintiff did prevail with respect to her claim to have Student's expulsion expunged from his record. Mindful of this success, the court will award attorney's fees. Balancing the competing concerns, the court determines that an award to Plaintiff of $ 7,694.64 in attorney's fees is appropriate. This amount is 30% of the $25,648.81 most recently claimed by Plaintiff.

III. CONCLUSION

For the Foregoing reasons, Defendant's Motion for Summary Judgment is hereby DENIED and Plaintiff's Motion for Summary Judgment is hereby ALLOWED, in part. Defendant is ordered to pay Plaintiff $ 7,694.64 in attorney's fees. This case may now be closed.


It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge